**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-2298**

─────────────

DR. KENNETH TAYLOR,

        Plaintiff – Appellant,

v.

ROBERT F. KENNEDY, JR., Secretary, U.S. Department of Health and Human Services,

        Defendant – Appellee.

─────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:21-cv-01469-PJM)

─────────────

Submitted: January 10, 2025                    Decided: February 25, 2025

─────────────

Before HEYTENS and BERNER, Circuit Judges, and Elizabeth W. HANES, United States District Judge for the Eastern District of Virginia, sitting by designation.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Ruth Ann Azeredo, LAW OFFICE OF RUTH ANN AZEREDO LLC, Annapolis, Maryland; Timothy W. Romberger, LAW OFFICES OF TIMOTHY W. ROMBERGER, Washington, D.C., for Appellant. Erek L. Barron, United States Attorney, Molissa H. Farber, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

An employee of the Food and Drug Administration sued the Department of Health and Human Services, alleging various acts of employment discrimination and retaliation. The district court granted summary judgment to the Department. Reviewing that decision de novo, see, *e.g.*, *Randall v. United States*, 95 F.3d 339, 348 (4th Cir. 1996), we affirm.

On appeal, the employee presses three claims: sex discrimination and retaliation in not selecting him for a senior leadership position at the National Institute of Health and a retaliatory hostile work environment while he was working at the FDA. The district court concluded all three claims failed as a matter of law. We see no reversible error in those determinations.

The first two claims fail because the employee provided no evidence that either his sex or retaliation played any role in the hiring decision. And the retaliatory hostile work environment claim fails for two reasons. First, the employee identified no evidence sufficient to create a genuine dispute of material fact about whether the allegedly harassing conduct was motivated by retaliatory animus. Second, we conclude the allegedly harassing conduct was not "sufficiently severe or pervasive that it would dissuade a reasonable worker from making or supporting a charge of discrimination." *Laurent-Workman v. Wormuth*, 54 F.4th 201, 218 (4th Cir. 2022).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process. The district court's judgment is

*AFFIRMED*.

2